UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT L. KLINGE, d/b/a BOB'S
ENGINE HOSPITAL,

    Plaintiff,

v.

VILLAGE OF MIDDLEVILLE,

    Defendant.

_____/

Case No.  1:11-CV-702

HON. GORDON J. QUIST

## **OPINION**

    Plaintiff, Robert L. Klinge, d/b/a Bob's Engine Hospital ("Klinge"), has filed a complaint titled "Petition to Vacate Void Judgment" against Defendant, the Village of Middleville.  In his complaint, Klinge requests that the Court vacate an Order Granting Injunction entered by Barry County Circuit Court Judge James H. Fisher on August 14, 2009.  Klinge filed an application for delayed review of the August 14, 2009, Order in Michigan Court of Appeals, but his application was denied on April 21, 2011.  Klinge alleges that the August 14, 2009, Order is void because it was entered in violation of his due process rights.

    On July 8, 2011, Magistrate Judge Ellen Carmody issued an order granting Klinge leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings").  The Court must read Klinge's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the Court concludes that Klinge's complaint must be dismissed as required by § 1915(e)(2).

Klinge's complaint seeks review of the state court's order by this Court and is thus barred by the *Rooker-Feldman* doctrine. The doctrine, which has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), provides that federal district courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416, 44 S. Ct. at 150)). The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22. Because the relief Klinge requests falls squarely within this doctrine, the Court lacks subject matter jurisdiction over his claim. Therefore, the Court will dismiss Klinge's' complaint.

An Order Consistent with this Opinion will be entered.


Dated: July 18, 2011                                    /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE